```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH ARNOLD,

                    Plaintiff,                    16-CV-864
     v.

COMPUTER TASK GROUP, INC.,                        DECISION
                                                  and ORDER

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Elizabeth Arnold ("plaintiff"), proceeding *pro se*, brings this action against prospective employer defendant Computer Task Group, Inc. ("defendant" or "CTG") alleging employment discrimination related to her race, marital status, and gender under Title VII of the Civil Rights Act of 1964, the Equal Protection Clause, and the Civil Rights Act of 1991, based on race, marital status, and gender.

Defendant moves to dismiss plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff's allegations fail to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion to dismiss the complaint in its entirety is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's complaint, including the documents incorporated therein by reference.

Plaintiff, a female resident of East Amherst, New York, alleges that she was interviewed for the position of "Senior Informatica Developer" at defendant's "contracted regional office, Independent Health," in Buffalo, New York on November 11, 2014. Complaint ¶¶ 2, 5. The interview was conducted by three employees, Steve Gardner, Pavitran Perumandia ("Perumandia"), and Sreenivasa Kambala ("Kambala"). Plaintiff contends that during the interview, she was: ridiculed by Perumandia and Kambala; asked "bogus and ambiguous" questions that were unrelated to the subject field and her technical skills and experience; and asked whether she was married. After failing to be hired, plaintiff "learned that she was rejected from employment based on subjective statements made by [Perumandia and Kambala] concerning her technical skills and availability." Complaint ¶ 10. Plaintiff later learned that information technology ("IT") applicants were interviewed differently by defendant based on their skin color and that "white American workers" were considered to have inferior technical skills. The position for which she applied "was filled with" an individual of "the same national origin of" Perumandia and Kambala. Complaint ¶ 14. The specific national origin was not stated in the complaint.

Plaintiff subsequently fled a charge with the Equal Employment Opportunity Commission ("EEOC") against Independent Health Corporation ("Independent Health"). Plaintiff's right-to-sue letter was issued by the EEOC on September 28, 2015, and plaintiff

commenced a federal action against Independent Health on December 23, 2015 (15-CV-01074-RJA). Independent Health filed a motion to dismiss the complaint and submitted a declaration stating that plaintiff had actually been interviewed for a position at defendant CTG. On March 24, 2016, the Court dismissed the action against Independent Health under Rule 12(b)(1) of the Federal Rules of Civil Procedure for plaintiff's failure to sue the proper party, finding that plaintiff failed to establish that she applied for a position with Independent Health. On October 28, 2016, more than seven motions after the dismissal of her 2015 lawsuit against Independent Health, plaintiff filed the present action against the proper party, defendant CTG.

## **DISCUSSION**

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

Here, defendant asserts that plaintiff's action is untimely because she did not file the present action within 90 days of receiving her right-to-sue letter from the EEOC. In order to pursue a Title VII claim in federal court, a plaintiff, in general, must comply with the limitations period in 42 U.S.C. § 2000e5(f)(1). This section provides that, if a charge filed with the EEOC is dismissed, the EEOC shall notify the aggrieved person and, within ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge. *See* 42 U.S.C. § 2000e-5(f)(1). Section 2000e-5(f)(1) has been held to mean that the limitations period begins running from the time that plaintiff receives the right-to-sue letter. *See Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994) ("[A] suit must be commenced not more than 90 days after receipt of the right-to-sue letter."). It is well settled that if a plaintiff does not file suit within 90 days of receiving the EEOC's right-to-sue letter, the action must be dismissed, unless extraordinary circumstances have been established. *See Skibinski v. Zevnik, Horton, Guibord, McGovern, Palmer & Fognani, LLP.*, 57 F. App'x 900, 901 (2d Cir.

2003). "The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling[, which] is only appropriate in rare and exceptional circumstances." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations omitted).

It is undisputed that plaintiff's federal action against CTG was not filed within 90 days of the EEOC's September 28, 2015 right-to-sue letter concerning plaintiff's EEOC charge against Independent Health. The present action was filed on October 28, 2016, ten months after the 90-day period had expired. In response to defendant's untimeliness argument, plaintiff asserts that because she had originally filed her EEOC claim and a timely federal action against the wrong defendant, equitable tolling is warranted here.

The Court "retains discretion to consider whether there is an adequate basis for equitably tolling those requirements. Equitable tolling is appropriate in circumstances where . . . plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period." *Dupree v. Urban Homesteading Assistance Bd. Sterling St. Hous. Dev. Fund Corp.*, 2011 WL 1343163, at \*4 (E.D.N.Y. 2011), citing *Zerilli-Edelglass*, 333 F.3d at 80. The record here reveals that plaintiff filed one EEOC charge against Independent Health, failing to either name CTG as a party

to the charge or file a new EEOC charge against CTG. It is clear that, for a time, plaintiff actively pursued judicial remedies by filing an EEOC charge and a defective federal pleading against Independent Health in 2015.

The question presented is whether the additional period following the dismissal of the 2015 action constitutes exceptional circumstances warranting equitable tolling. The Court must consider whether plaintiff (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d 74, 80-81 (2d Cir. 2003), citing *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002).

Plaintiff's response to defendant's motion to dismiss presents no facts or circumstances to account for her failure to file suit against CTG during the seven months following the dismissal of her 2015 action against Independent Health. She also acknowledges that she received notice that CTG was the proper defendant in February 2016 (15-CV-01074-RJA, Docket No. 2 (Exhibit 4)). Plaintiff asserts only that CTG had "reason to believe that there [was] an incoming claim against them as they stated in the declaration made by the defendant's lawyer." Plaintiff's memorandum of law, p. 6. In light of plaintiff's concession that she was aware of the existence of a cause of action against CTG and her failure to

demonstrate extraordinary circumstances or reasonable diligence during the seven-month period prior to the filing of this action, the Court finds that the doctrine of equitable tolling is not applicable here.  As such, the Court finds that defendant is entitled to dismissal of the complaint.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion to dismiss the complaint, in its entirety.  The Clerk of Court is directed to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    S/Michael A. Telesca
                                    _____
                                        MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
         February 21, 2017